UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re )<br>SHELDON H. CLOOBECK, )<br> )<br>Debtor )<br> )<br>RICHARD CLOOBECK and LYNNE )<br>CLOOBECK, )<br>    Appellants, )<br>        vs. )<br> )<br>TIM CORY and CLOOBECK )<br>COMPANIES, LLC, )<br> )<br>    Appellees. )<br>_____ ) | Case No.: 2:10-cv-01278-GMN-PAL<br>Bankruptcy Case No. BK-S-05-10179-BAM<br><br>**ORDER** |

Before the Court is Appellants Richard Cloobeck and Lynne Cloobeck's Motion to Expand the Record (ECF No. 22). Appellee Timothy S. Cory, as the Chapter 7 Trustee of the Estate of the Debtor Sheldon H. Cloobeck, filed a Response on December 6, 2010 (ECF No. 25). Appellants filed a Reply on December 15, 2010 (ECF No. 27).

Also before the Court is Appellee's Motion to Amend/Correct the Answering Brief (ECF No. 24). Appellants filed a Response on December 15, 2010 (ECF No. 26) and Appellee filed a Reply on December 21, 2010 (ECF No. 28).

**FACTS AND BACKGROUND**

This case arises as an appeal from a decision by the Bankruptcy Court to allow the Trustee (Timothy S. Cory) to sell claims that the bankruptcy estate held (or may not have held) against Richard Cloobeck. Debtor Sheldon Cloobeck, Richard Cloobeck and Lynne Cloobeck, along with other unnamed parties entered into a settlement agreement in which Sheldon Cloobeck released all known or unknown claims against his son, Richard Cloobeck. Timothy

S. Cory (hereinafter "Trustee") motioned the Bankruptcy Court to approve the settlement agreement on March 2, 2007 pursuant to the Bankruptcy Court's authority to approve the compromise of claims under Federal Rule of Bankruptcy Procedure 9019 (Bk. Ct. Dkt. #434, ECF No. 15-8).  The Bankruptcy Court approved the settlement agreement at a hearing on the subject on April 19, 2007 (Bk. Ct. Dkt. #464, ECF No. 15-12; Bk. Ct. Dkt. #469, ECF No. 15-13).

Nearly three (3) years later, Sheldon Cloobeck (hereinafter "Debtor") wrote to the Trustee requesting that he abandon the estate's claims against Richard Cloobeck.  The Trustee filed a notice of intent to abandon on April 6, 2010 (Bk. Ct. Dkt. #579, ECF No. 15-14).  Concerned that someone might try to pursue the estate claim, Richard Cloobeck and Lynne Cloobeck offered to purchase the claims from the Trustee for $5,000 notwithstanding the settlement agreement.  The Trustee withdrew the notice of intent to abandon the claims and moved to sell the claims to Richard Cloobeck and Lynne Cloobeck (Bk. Ct. Dkt. #580, ECF No. 15-15; Bk. Ct. Dkt.  #581, ECF No. 15-16).  Four (4) hours later, the Trustee amended the motion to reflect an overbid of $100,000 from the Cloobeck Companies, a business managed by Stephen Cloobeck (Bk. Ct. Dkt. # 583, ECF No. 15-17).  Richard Cloobeck and Lynne Cloobeck then contested the amended sale motion asserting that (1) the Trustee no longer owned the Debtor's claims against Richard Cloobeck; (2) the purported claims were already subject to a settlement agreement that already had been approved and reduced to final judgment; (3) the sale of settled claims would result in a multiplication of litigation; and (4) the sale was contrary to the principles of equity (Bk. Ct. Dkt. #592, ECF No. 15-18).

The Bankruptcy Court held a hearing on the motion to sell Debtor's claims against Richard Cloobeck on June 29, 2010 (Bk. Ct. Dkt.  #600, ECF No. 15-20).  The Court granted the Trustee's motion to sell the claims and found that the Trustee's duty to maximize the estate

outweighed the public policy with respect to selling assets that may foment or cause litigation elsewhere. (*Id.*).

Appellants filed this appeal on July 29, 2010. The parties submitted their Opening, Answering and Reply briefs (ECF No. 14, 16 and 21). Appellants subsequently filed their Motion to Expand the Record (ECF No. 22). The Trustee then filed the Motion to Amend the Answering Brief (ECF No. 24) partly in response to Appellants' Motion to Expand.

## DISCUSSION

**A.     Motion to Expand the Record**

Federal Rule of Appellate Procedure 10(e) states in relevant part:

> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     (A) on stipulation of the parties;
>     (B) by the district court before or after the record has been forwarded; or
>     (C) by the court of appeals.
> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

This Court has held that Appellate Rule 10(e) is applicable to it on appeals from bankruptcy court. *Grantham v. Cory* (*In re Flamingo 55, Inc.*), Case No. 2:05-cv-01521-RLH-GWF, 2006 WL 2432764, *4 (D.Nev. Aug. 21, 2006). "Rule 10(e) cannot be used to add to or enlarge the record on appeal to include material which was not before the district court." *United States v. Walker*, 601 F.2d 1051, 1054 (9th Cir.1979).

Plaintiff motions this court to "expand the record to include the transcript of the examination of Richard Cloobeck taken in the bankruptcy case but not part of the record below." (Motion to Expand, 2:1-3, ECF No. 22). Plaintiff argues that this transcript is material to show that the allegations put forth by the Trustee in the Answering Brief are unfounded. Plaintiff asserts that the Court has discretion to review the entire record from below including

transcripts referenced by the parties. *See Brown v. Home Ins. Co.*, 176 F.3d 1102, 1104 n.2 (8th Cir. 1999), citing Fed. R. App. P. 30(a)(2). The introduction of the deposition also may "correct an omission and to permit a more accurate understanding of the material facts" or when "any difference arises as to whether the record truly discloses what occurred in the district court." *Id*., citing Fed. R. App. P. 10(e); *Hatco Corp. v. WR Grace & Co.-Conn.*, 859 F. Supp. 769, 772 (D.N.J. 1994). Plaintiff explains that this Court has approved supplementation of the record to add documents considered by the bankruptcy court but not fully in the record prior to the appeal. *Grantham,* 2006 WL 2432764 at *3-5; *see also In re Lathrop Mobile Investors*, 55 B.R. 766, 767 n.1 (BAP 9th Cir. 1985) (noting appellate court can order transcript to supplement record).

Contrary to what Appellants assert, *Grantham* did not allow supplementation of the record to add documents that were not fully in the record prior to the appeal. That court actually found that the document that the appellants were seeking to admit was found within the record before the court entered its order. Furthermore, *In re Lathrop Mobile Investors* adds nothing to Appellants' arguments, because all the Court did in that case was order a transcript of a hearing of the lower court.

Appellants do not provide any evidence that the transcript of the examination of Richard Cloobeck was in the record before the Bankruptcy Court made its ruling. In fact, Appellants actually state that the transcript was not part of the record below. The Court's review of the Bankruptcy record does not reveal that the transcript was in the record before the Bankruptcy Court's ruling on the Motion to Sell.

Appellee contends that the transcript is immaterial to the Bankruptcy Court's decision to grant the Trustee's motion to sell. Appellee argues that Appellants misperceived their argument in their answering brief and claim that they have made no arguments concerning the merits of any claims against Richard Cloobeck. Appellee states that such an argument is not

necessary to the Trustee's position that the Bankruptcy Court properly authorized the sale of whatever claims the bankruptcy estate holds against Richard Cloobeck.  In response, Appellee offers to amend their answering brief to clarify any misunderstandings.  In the alternative, Appellee moves to expand the record to include documents involving an arbitration award obtained by Richard Cloobeck against Stephen Cloobeck and certain Cloobeck entities and the complaint underlying the judgment.  Appellee explains that this is necessary to make the record more complete regarding conflicting testimony of Richard Cloobeck with respect to his assets.  However, Appellee has not provided any evidence that these documents were in the record before the Bankruptcy Court made its decision either.

Having reviewed the briefs and arguments of the parties, the Court denies Appellants' motion to expand the record.  It appears that the Bankruptcy Court did not consider the transcript at the time it made its decision and the Court cannot find the transcript on the Bankruptcy Court's docket.[1]  *See Walker*, 601 F.2d at 1055 ("We are here concerned only with the record before the trial judge when his decision was made.").  Likewise, the Court cannot grant Appellee's motion to expand the record to include the arbitration documents if they were not before the Bankruptcy Court.  Therefore the Court denies the motions to expand the record without prejudice.  The parties are free to file amended motions if they can show that the documents they wish to supplement were before the Bankruptcy Court when it made its decision.

**B.     Motion to Amend**

As explained *supra,* Appellee offered to amend the answering brief to take out any misperceived allegations of fraud against Richard Cloobeck.  However, the Court denies

---

[1] While Appellants have made somewhat persuasive arguments under other circuit's precedence, this Court is bound by Ninth Circuit precedence to the contrary.  Furthermore, the Court does not find that the transcript is material because at the hearing before the Bankruptcy Court, there was no argument that Richard Cloobeck in fact lied in his deposition.  Instead, the Appellees argued that there is only an allegation that he lied.  The Bankruptcy Court did not base its ruling on the merits of the allegation.

Appellee's motion to amend the answering brief.  Appellees cite to no authority that would enable them to amend their brief.  The Court has been put on notice of the conflicting arguments regarding the 'allegations of fraud' through the parties' various motions.  In light of the Court denying Appellants' motion to expand it also appears unnecessary to amend the Answering Brief because to do so will only delay the litigation because Appellants would then be required to file a new Reply Brief.

## CONCLUSION

**IT IS HEREBY ORDERED** that Appellants Richard Cloobeck and Lynne Cloobeck's Motion to Expand the Record (ECF No. 22) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Appellee's Motion to Amend/Correct the Answering Brief (ECF No. 24) is **DENIED without prejudice**.

DATED this 19th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge